# United States Bankruptcy Court
## Southern District of Iowa

In re  **Vincil E. DeLay**
**Aurora DeLay**
Debtor(s)

Case No. _____
Chapter **13**

# CHAPTER 13 PLAN

1. Payments to the Trustee: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$540.00** per month for **60** months.

   Total of plan payments: **$32,400.00**

2. Plan Length: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
   (1) Trustee's Fee:    **10.00**%
   (2) Attorney's Fee (unpaid portion):    **$1,310.00 to be paid through plan in monthly payments**
   (3) Filing Fee (unpaid portion):    **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations

         (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

         (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

         **-NONE-**

         (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

         | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
         |---|---|---|
         | -NONE- | | |

         (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

         Claimant and proposed treatment:    **-NONE-**

    (2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

  c.  Secured Claims

    (1) Pre-Confirmation Adequate Protection Payments.  Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below.  Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim.  The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| **-NONE-** | | |

    (2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

        (a) Secured Claims Subject to Valuation Under § 506.  The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a).  Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

        (b) Secured Claims Not Subject to Valuation Under § 506.  Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

    (3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

  d.  Unsecured Claims

    (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

    (2) General Nonpriority Unsecured: Other unsecured debts shall be paid **100** cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors.

5.  The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor/Description of Collateral | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **MGC Mortgage, Inc.**<br>**Homestead located at 714 18th Avenue, Coralville, Iowa, and legally described as follows:**<br><br>**Lot 10, Block 4, Morrison Park Addition, an Addition to the City of Coralville, Iowa, according to the Plat thereof recorded in Plat Book 14, Page** | **16,593.76** | **7.90%** |

6. The Debtor shall make regular payments directly to the following creditors:

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Ally Financial**<br>**2012 Chevrolet Colorado** | **27,000.00** | **470.83** | **7.60%** |
| **Memorial Park Service, Inc.**<br>**burial plots at Memory Gardens, Iowa City, Iowa** | **8,650.00** | **148.26** | **14.00%** |
| **MGC Mortgage, Inc.**<br>**Homestead located at 714 18th Avenue, Coralville, Iowa, and legally described as follows:**<br><br>**Lot 10, Block 4, Morrison Park Addition, an Addition to the City of Coralville, Iowa, according to the Plat thereof recorded in Plat Book 14, Page** | **133,406.24** | **1,497.29** | **7.90%** |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE. Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

   | Other Party | Description of Contract or Lease |
   |---|---|
   | **-NONE-** | |

9. Property to Be Surrendered to Secured Creditor

   | Name/Description of Collateral | Amount of Claim | Description of Property |
   |---|---|---|
   | **-NONE-** | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name/Description of Collateral | Amount of Claim | Description of Property |
|---|---|---|
| **AMC Mortgage Services**<br>**Homestead located at 714 18th Avenue, Coralville, Iowa, and legally described as follows:**<br><br>**Lot 10, Block 4, Morrison Park Addition, an Addition to the City of Coralville, Iowa, according to the Plat thereof recorded in Plat Book 14, Page** | **0.00** | **Homestead located at 714 18th Avenue, Coralville, Iowa, and legally described as follows:**<br><br>**Lot 10, Block 4, Morrison Park Addition, an Addition to the City of Coralville, Iowa, according to the Plat thereof recorded in Plat Book 14, Page** |
| **Homeward Residential**<br>**Homestead located at 714 18th Avenue, Coralville, Iowa, and legally described as follows:**<br><br>**Lot 10, Block 4, Morrison Park Addition, an Addition to the City of Coralville, Iowa, according to the Plat thereof recorded in Plat Book 14, Page** | **0.00** | **Homestead located at 714 18th Avenue, Coralville, Iowa, and legally described as follows:**<br><br>**Lot 10, Block 4, Morrison Park Addition, an Addition to the City of Coralville, Iowa, according to the Plat thereof recorded in Plat Book 14, Page** |
| **Quantum Servicing Corporation**<br>**Homestead located at 714 18th Avenue, Coralville, Iowa, and legally described as follows:**<br><br>**Lot 10, Block 4, Morrison Park Addition, an Addition to the City of Coralville, Iowa, according to the Plat thereof recorded in Plat Book 14, Page** | **0.00** | **Homestead located at 714 18th Avenue, Coralville, Iowa, and legally described as follows:**<br><br>**Lot 10, Block 4, Morrison Park Addition, an Addition to the City of Coralville, Iowa, according to the Plat thereof recorded in Plat Book 14, Page** |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

13. Other Provisions:

**The claims of Residential Funding Company, LLC/MGC Mortgage, Inc. and Wells Fargo Auto Finance were discharged in a prior case. Claim amounts listed on Schedule D for these creditors are disputed because the personal liability of the debtors was discharged, but claim amounts are still shown to reflect the amount of these creditors' claims against the property of the debtors.**

**In the Debtors' previous Chapter 13 case, the claim of Quantum Servicing/Citigroup Global Markets Realty was deemed to be unsecured pursuant to 11 U.S.C. §506(a) and the mortgage lender was required to release its mortgage upon the completion of the Plan, notwithstanding that no discharge was entered. The creditor did not object to that Plan, and the Debtors completed their Plan. Accordingly, this claim is deemed as unsecured herein and the lender is required to release its mortgage upon CONFIRMATION of this Plan.**

**Other provisions:**
**(A) Debtor(s) agree to comply with 11 U.S.C. §1325(b)(1)(B) by submitting 100% of projected disposable income in the plan for the benefit of creditors.**
**(B) The language of Federal Rule of Bankruptcy Procedure 3002.1 shall be and is hereby incorporated in full as a provision of this plan and, upon confirmation of the plan, shall have the force and effect of any other provision of a confirmed plan.**
**(C) The amounts listed herein as "Monthly Payment" are estimates only. The chapter 13 trustee will pay the amounts allowed based on proofs of claim filed, unless modified by the court upon objection by any party.**
**(D) The trustee will cure defaults on claims secured by a security interest in real property that is the Debtor(s)' principal residence. The Debtor(s) will maintain the regular payments which come due after the date the petition was filed. Mortgage lenders shall promptly provide Debtors with instructions regarding the amount and method of payment for post-petition payments. The creditors will retain their liens. The amounts of any secured claim and the amounts of any delinquency and/or default shown herein are estimates only, and the trustee will pay the amounts actually allowed.**
**(E) To the extent any claim is fully or partially unsecured pursuant to 11 U.S.C. 506(a), except those protected by 11 U.S.C. 1322(b)(2), the portion of the claim that is unsecured shall be provided for as an unsecured claim. Creditors holding such claims shall retain their liens only to the extent of their allowed secured claims. To the extent the provisions of 11 U.S.C. 506 do not apply to any of the claims listed, the creditor's failure to object to confirmation of the Plan shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. 1325(a)(5)(A). With respect to each allowed secured claim provided for by the Plan, if this Chapter 13 case is dismissed or converted without completion of the Plan, such lien shall be retained by such holder to the extent recognized by applicable nonbankruptcy law.**
**(F) The Trustee shall pay the allowed attorneys fees in full following the entry of a court order approving said fees. Allowed attorney fees shall be paid in full prior to payments to any other priority, secured or unsecured creditors.**
**(G) Secured creditors shall be paid in full prior to any payments to unsecured creditors and such payments shall satisfy the Debtor(s)' obligation, if any, to provide adequate protection payments to such secured creditors pursuant to (11 USC 136(a)(1)(C)).**
**(H) The amounts listed for administrative and priority claims are estimates only. The trustee shall pay the amounts actually owed.**
**(I) The trustee shall not be required to make any pre-confirmation adequate protection payments for any allowed secured claim with a secured value of less than $3,000.**
**(J) Upon completion of the plan, all debts listed in the Debtor(s)' schedules or provided for by the plan, except those excepted by 11 U.S.C. §1328(a), shall be discharged.**

SUMMARY AND ANALYSIS OF PLAN PAYMENTS TO BE MADE BY TRUSTEE

Total debt provided under the Plan and administrative expenses:

| | |
|---|---:|
| 1. Attorney Fees | **1,310.00** |
| 2. Arrearages | **19,210.40** |
| 3. Secured Claims | **0.00** |
| 4. Priority Claims | **0.00** |
| 5. Separate Class of Unsecured Claims | **0.00** |
| 6. All other unsecured claims | **8,605.74** |
| Total payments to above Creditors | **29,454.60** |
| Trustee fees | **2,945.40** |
| Total Debtor payments to the Plan | **32,400.00** |

Reconciliation with Chapter 7:

Interest of unsecured creditors if Chapter 7 filed
    Total property of debtor      **271,551.01**
    Property securing debt (excludes avoided liens)      **184,650.00**
    Priority unsecured claims (Schedule E)      **0.00**
    Exempt property      **245,551.02**
    Administrative Costs      **0.00**
        Available to General Unsecured (Under Chapter 7)      **0.00**
        Total General Unsecured      **9,490.74**

Percent of unsecured, nonpriority claims paid if Chapter 7 filed (est.)      **0%**

Percent of unsecured, nonpriority claims paid under Plan      **100%**

Date **April 23, 2015**      Signature **/s/ Vincil E. DeLay**
        **Vincil E. DeLay**
        Debtor

Date **April 23, 2015**      Signature **/s/ Aurora DeLay**
        **Aurora DeLay**
        Joint Debtor